**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No: 2:25-cr-2** |
| vs. | : | |
| | : | **CHIEF JUDGE MORRISON** |
| **MAICOL PEREZ MARCELINO,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Now comes the United States of America, by and through undersigned counsel, and hereby submits its Memorandum in Aid of Sentencing. For the following reasons, the government recommends a guideline term of imprisonment, followed by a term of supervised release.

## I.     BACKGROUND

On February 18, 2025, Defendant **MAICOL PEREZ MARCELINO** entered a plea of guilty, pursuant to a Rule 11(c)(1)(C) plea agreement, to Illegal Shipping of Firearms, in violation of 18 U.S.C. §§ 922(e) and 924(a)(1)(D).  As part of his plea agreement, Defendant agreed to a detailed factual statement of his offense conduct in support of his guilty plea. (Plea Agreement – Doc. #16). Pursuant to the agreed factual statement, Defendant admitted that from on or about November 27, 2023, until May 11, 2024, he knowingly shipped firearms from Columbus, Ohio to another facility in Miami, Florida. The firearms were ultimately shipped to the Dominican Republic. *Id.*

The Probation Officer released the final Presentence Investigation Report ("PSR") on May 12, 2025. Sentencing for this matter is scheduled for July 1, 2025.

1

## II.   PRESENTENCE INVESTIGATION REPORT AND RECOMMENDATION

The Probation Officer calculated that Defendant's total offense level is 32 and his criminal history category is I, resulting in a sentencing range of 121-151 months of incarceration. However, the maximum sentence under the statute is 60 months.  The parties agreed to a binding range of between 15 and 20 months.  The Probation Officer has indicated that there are no factors identified in the PSR that would warrant a departure from the applicable sentencing guideline range.  However, the Probation Officer does note that the Court may wish to take into consideration the Defendant's difficult upbringing and seriousness of the offense in determining whether a deviation from the guideline imprisonment range is appropriate.

There are three outstanding objections to the PSR, two of which the Government joins.  As such, the Government will focus on the remaining objection to the application of the specific offense characteristic under §2K2.1(b)(6)(A) for transportation of the firearms outside the United States.  As outlined in our objection response, Defendant sent parcels to an address in Miami that is for a freight forwarder that sent the items to the Dominican Republic.  In addition, he himself is from the Dominican Republic and received payments from people still living there.  Given the number of parcels linked to Defendant, as well as the other facts and circumstances, the Government believes this specific offense characteristic was properly applied.

Should the Court sustain objections 1 and 3 but overrule objection 2, Defendant's total offense level would be 15.  This results in a guideline sentencing range of 18-24 months.

## III.   SENTENCING FRAMEWORK

After *Booker v. United States*, 543 U.S. 220 (2005), district courts are to engage in a three-step sentencing procedure. Courts are first to determine the applicable guidelines range, then consider whether a departure from that range is appropriate, and finally, consider the applicable

guidelines range—along with all of the factors listed in 18 U.S.C. § 3553(a)—to determine what sentence to impose. *Gall v. United States*, 552 U.S. 38, 49–50 (2007); *Rita v. United States*, 551 U.S. 338, 351 (2007). The central command to district courts in imposing a sentence is to fashion one that is sufficient, but not greater than necessary, to meet the goals set forth in 18 U.S.C. § 3553(a).

Section 3553(a) further delineates seven factors the Court must consider in fashioning an appropriate sentence: (1) the nature and circumstances of the offense/history and characteristics of the defendant; (2) the statutory purposes of sentencing; (3) the kinds of sentences available; (4) the kinds of sentences and sentencing ranges as set forth in the Sentencing Guidelines; (5) Sentencing Guidelines policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense.

## IV. ANALYSIS AND RECOMMENDATION OF THE UNITED STATES

As noted above, there are seven factors the Court is to consider during sentencing, pursuant to 18 U.S.C. § 3553(a). The Government submits that while the Court should consider each of the above factors, the following facts are highly pertinent to the Court's consideration of the nature and circumstances of the offense, as well as the history and characteristics of the defendant.

The Government acknowledges the difficulties faced by Defendant as a result of his mother's issues with alcohol and tight financial situation the family faced. However, Defendant also had a supportive family and grew up in a household free from abuse or neglect. (PSR ¶¶ 40-42).

The facts of the instant case are a cause for serious concern, however. Defendant was observed on video connected to two parcels that contained approximately 17 firearms total. His fingerprints were linked to another parcel that contained 10 AK-47 style rifles and more than 30

firearms. In total, Defendant is connected to almost 60 firearms that were destined for another country. (PSR ¶¶ 11-13). These firearms were concealed in other objects, clearly indicating an effort to disguise exactly what was being shipped. That is a large amount of firepower being shipped in a clandestine manner, leading one to consider all the illicit uses for firearms sent in this manner.

Considering the above information, the Government respectfully requests a sentence within the agreed upon range of 15-20 months of imprisonment. Such a sentence would properly consider the nature and circumstances of Defendant's offense and would take into consideration Defendant's particular history and characteristics. It would also deter Defendant from committing a future similar offense and deter others in similar positions.

## V.     **CONCLUSION**

For the foregoing reasons, the United States respectfully submits that a within-range term of imprisonment would be sufficient but not greater than necessary to achieve the statutory goals of sentencing.

Respectfully submitted,

KELLY A. NORRIS
ACTING UNITED STATES ATTORNEY

s/ *Jennifer M. Rausch*
JENNIFER M. RAUSCH (0075138)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
(614) 469-5715
Fax: (614) 469-2200
Jennifer.Rausch@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of June 2025, a copy of the foregoing Government's Sentencing Memorandum was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ Jennifer M. Rausch
JENNIFER M. RAUSCH (0075138)
Assistant United States Attorney